NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2013[*]
Decided January 15, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 12-1946 | |
| | Appeal from the |
| JOHN RUSHING, | United States District Court for the |
| *Plaintiff-Appellant,* | Southern District of Illinois. |
| | |
| *v.* | No. 3:10-cv-00507-JPG |
| | |
| GARY ANDREW GERST, | J. Phil Gilbert, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

John Rushing, an Illinois prisoner, alleges in this lawsuit under 42 U.S.C. § 1983 that a physician's assistant at Pinckneyville Correctional Center used a syringe to inject him with an unknown substance without warning or consent. At screening, *see* 28 U.S.C. § 1915A, the district court understood this allegation to raise a claim under the Due Process Clause and allowed it to proceed against the physician's assistant (the court immediately dismissed other claims against other defendants). The physician's assistant moved to dismiss on the ground that Rushing had sued without first exhausting his administrative remedies, *see* 42

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

U.S.C. § 1997e(a), and after taking evidence the district court granted that motion, *see Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). In Illinois a state prisoner must contact a counselor and try to resolve a dispute informally before submitting a formal grievance. *See* ILL ADMIN. CODE tit. 20, § 504.810(a). The district court found that Rushing had started the process correctly by complaining about the incident to his counselor. The court also found, however, that Rushing had grown impatient with his counselor's slow progress and, rather than waiting for her decision, filed suit without ever submitting a formal grievance.

On appeal Rushing does not develop an argument challenging the district court's decision and instead asserts only that the *Pavey* hearing was "slanted in favor of the Defendant." We construe pro se filings liberally, but even a pro se brief must contain more than a general assertion of error. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). A brief must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," FED. R. APP. P. 28(a)(9), and failure to comply with the rule will result in dismissal, *Anderson*, 241 F.3d at 545–46. Rushing has not explained why he thinks the district court's judgment is wrong, and so his appeal is DISMISSED.